UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STHEFANIE CAROLINA YEPEZ,

   CASE NO:

 Plaintiff,

vs.

SPINNAKER INSURANCE COMPANY,

 Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Defendant, SPINNAKER INSURANCE COMPANY (hereinafter "Spinnaker"), pursuant to 28 U.S.C. § 1446(B), hereby petitions this Court for the removal of Plaintiff's Complaint in the above-styled action from the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of its Notice of Removal states:

1. Defendant gives notice of the exercise of its rights under the provisions of 28 U.S.C. §1332, §1441 and §1446 to remove this action from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, case number 2023 11815 CIDL.

2. This action arises from allegations that Hurricane Ian caused damage to Plaintiff, Stefanie Yepez's home on September 28, 2023, which was insured under a policy through Spinnaker. Plaintiff further alleges that Spinnaker failed to pay Plaintiff's claims for damage, amounting to $117,599.17.

3. On June 19, 2023 Spinnaker was served with a Summons and a copy of the

Complaint.

4. Plaintiff was, at the time of commencement of this action, and continues to remain, a resident and citizen of Florida.

5. Spinnaker is incorporated in the state of Illinois with its principal place of business in Burlington, Vermont.

6. The amount in controversy and at issue in this case, as pled by Plaintiff, is in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), the jurisdictional limits of this Court.

7. Based upon the allegations and the facts set forth above, and in Plaintiff's Complaint, this is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, which grants the United States District Court original jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

8. In accordance with 28 U.S.C. § 1446, Spinnaker's Notice of Removal has been filed within thirty (30) days following service of the Complaint on Spinnaker.

9. Contemporaneously with filing this Notice of Removal, Spinnaker has paid the removal fee to the Clerk of the United States District Court.

10. A Notice of Removal has been filed simultaneously in the State court and with opposing counsel, in full compliance with 28 U.S.C. § 1446(d).

11. Copies of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, currently in Spinnaker's possession and which are on file in the state court will be filed electronically in accordance with the Middle District of Florida's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Section II(A)(2)(b). These documents include:

      i. Civil Cover Sheet

     ii. Plaintiff's Complaint;

    iii. Summons;

    iv. Proof of Service of Process

    v. Case Management Order

   vi. State Court Notice of Removal

### MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

A defendant who desires to remove a civil cause of action from state court to a Federal district court may do so by following the procedures outlined in 28 U.S.C. § 1446. To remove a case commenced in State Court pursuant to 28 U.S.C. § 1441 and § 1332, all requirements of diversity jurisdiction must be met by the party seeking to remove. *See Leonard v. Kern*, 651 F. Supp. 263 (S.D. Fla. 1986). Complete diversity must exist between the parties and the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332; *Id.* at 264. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

### I. THE PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.

One such basis for the original jurisdiction of the United States district court is diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Specifically, 28 U.S.C. § 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between, "(1) citizens of different States." Therefore, in order for a defendant to exercise its option to remove a case from state court to a federal district court, it must normally demonstrate that all parties-plaintiff are

diverse from all parties-defendant, and that the amount in controversy is greater than $75,000.00.

The burden is on the party wishing to remove to show that it has met all removal requirements. *See Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1078 (N.D. Fla. 1978).

Spinnaker has met all of the requirements to establish diversity jurisdiction in this matter. Defendant Spinnaker is a foreign corporation incorporated in the State of Illinois with its principal place of business located in Ohio. Plaintiff is a citizen of Leon County, Florida. Thus, diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and 1441. *See Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157 (11th Cir. 1985)

Spinnaker has also fulfilled the requirement that the amount in controversy exceeds $75,000.00. The amount in controversy is measured by determining the value of the litigation from the plaintiff's perspective. *See Sandifer Partnership, Ltd. v. Dolgencorp, Inc.*, 2005 WL 2063790 (M.D. Fla. 2005) (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 220 (11th Cir. 1997)). Plaintiff's alleges the damages it seeks to recover amount to $117,599.17.

## II. SPINNAKER'S REMOVAL IS TIMELY

According to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Regarding the 30-day provision cited in the first paragraph, the Supreme Court of the United States has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Carter v. Frito-Lay, Inc.*, 144 F. App'x. 815, 817 (11th Cir. 2005)(quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L.Ed.2d 448 (1999)).

Because Spinnaker's Notice of Removal was filed within thirty days of June 19, 2023, removal was done in a timely manner.

### III. ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.

Section 1446(a) requires that a defendant desiring to remove a case file a signed notice of removal in the district court of the United States for the district and division within which such action is pending containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1446(d) further provides that after the filing of such notice of removal of a civil action the defendant "shall give written notice thereof to all adverse parties" and shall file a copy of the notice with the clerk of such State court, which shall affect the removal and stay the State court proceedings unless and until the case is remanded.

Spinnaker has satisfied the other procedural requirements by giving notice to Plaintiff, filing a Notice of Removal with the State Court, and attaching to its Notice of Removal all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, currently on file in the state court to which Spinnaker has access.

WHEREFORE, Defendant Spinnaker has met all the conditions for removal and

respectfully requests this Court accept Spinnaker's Notice of Removal and thereby take jurisdiction of this action, and grant such further relief as this Court deems appropriate.

Respectfully submitted on July 18, 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record at the e-service address(es) listed with the Florida Courts E-Filing Portal, on this 18th day of July, 2023.

SEGUNDO LAW GROUP

BY: /s/ Benjamin S. Thomas
BENJAMIN S. THOMAS
FBN: 112221
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
(727) 894-3535
Attorney for Defendant, Spinnaker
E-Service: Service@CivilLit.com

I HEREBY CERTIFY that I mailed the foregoing to the Clerk of the Court via Federal Express and sent a copy via electronic service and U.S. Mail to attorney Stephen A. Marino, Jr., on this 18th day of July, 2023.

SEGUNDO LAW GROUP

BY: /s/ Benjamin S. Thomas
BENJAMIN S. THOMAS
FBN: 112221
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
(727) 894-3535
Attorney for Defendant, Spinnaker
E-Service: Service@CivilLit.com

Filing # 177703444 E-Filed 07/18/2023 05:07:57 PM

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

STHEFANIE CAROLINA YEPEZ,

CASE NO:   2023 11815 CIDL

Plaintiff,

vs.

SPINNAKER INSURANCE COMPANY,

Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, SPINNAKER INSURANCE COMPANY, serves notice of the removal of Plaintiff's Complaint, in the instant matter to the District Court of the United States, Middle District of Florida, Orlando Division, this 25th day of April, 2023. A copy of the Federal Notice of Removal, which was mailed to the U.S. Clerk of Courts on April 25, 2023 and is anticipated to be filed with the U.S. District Court on April 26, 2023, is attached and filed herewith in compliance with 28 U.S.C. §1446(d) to effect the removal and notify all parties that the action shall proceed no further in the state court.

Respectfully submitted on July 18, 2023.

SEGUNDO LAW GROUP

BY: /s/ Benjamin S. Thomas
BENJAMIN S. THOMAS
FBN: 112221
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
(727) 894-3535

Attorney for Defendant, Progressive<br>
E-Service: Service@CivilLit.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record at the e-service address(es) listed with the Florida Courts E-Filing Portal, on this 18th day of July, 2023.

SEGUNDO LAW GROUP

BY: */s/ Benjamin S. Thomas*
BENJAMIN S. THOMAS
FBN: 112221
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
(727) 894-3535
Attorney for Defendant, Progressive
E-Service: Service@CivilLit.com